# JILL L. CRAFT
ATTORNEY AT LAW, LLC

JILL CRAFT
W. BRETT CONRAD, JR.

330 GOVERNMENT STREET
BATON ROUGE, LA 70802
PHONE: (225) 663-2612
FACSIMILE: (225)663-2613

December 28, 2018

*Via Certified Mail/Return Receipt Requested*
*7017 3380 0000 6403 9827*

Estee Lauder Companies, Inc.
Fabrizio Freda- Chief Executive Officer
7 Corporate Center Drive
Melville, NY 11747

   Re: *Aimee Holdridge v. Estee Lauder Companies, Inc.*
     *Civil Suit No.: 677484, Division: "22", 19th Judicial District Court*

To Whom It May Concern:

  Enclosed please find a Citation along with a certified copy of the Petition, in connection with the above referenced matter, to which *Estee Lauder Companies, Inc.* has been made a party defendant. Service is hereby made upon you in accordance with the Louisiana "Long-Arm" Statute, La. R.S. 13:3201, et seq.

  This is to further advise you that under the aforementioned statute, you are required to file an answer or responsive pleadings within thirty (30) days from perfection of service to avoid the taking of a default judgment against you.

             Sincerely,

             Jill L. Craft

JLC/aas
Enclosures

**EXHIBIT A**

# CITATION
(Long Arm LSA R.S. 13:3201 et seq.)

AIMEE HOLDRIDGE  
(Plaintiff)

NUMBER C-677484 22

19th JUDICIAL DISTRICT COURT

VS

PARISH OF EAST BATON ROUGE

ESTEE LAUDER COMPANIES INC.  
(Defendant)

STATE OF LOUISIANA

** VIA LOUISIANA LONG ARM STATUTE LSA R.S. 13:3201 ET SEQ **

TO:   ESTEE LAUDER COMPANIES INC.

GREETINGS:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LSA R.S. 13:3201 et seq. OR, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on **DECEMBER 20, 2018.**

*Deputy Clerk of Court for*  
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CONRAD, W BRETT, JR**  
(225) 663-2612

*Also attached are the following documents:  
PETITION, VERIFICATION

CITATION-LONG ARM-2006

EAST BATON ROUGE PARISH  C-677484
Filed Dec 18, 2018 9:32 AM      22
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER: 677484   DIVISION: 22

AIMEE HOLDRIDGE

VERSUS

ESTEE LAUDER COMPANIES INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION

The Petition of Aimee Holdridge (hereinafter "Petitioner"), a resident of the full age of majority of Orleans Parish, respectfully represents:

1.

Made defendant herein is Estee Lauder Companies Inc., a Delaware entity doing business in East Baton Roush Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney's fees, all costs of these proceedings, interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

2.

At all times pertinent hereto, Petitioner was a qualified individual with a disability within the meaning and intent of Louisiana's anti-discrimination laws, in that Petitioner has an actual impairment, has a record of an impairment, and/or was regarded by the defendant as disabled.

3.

At all times pertinent hereto, Petitioner was an "employee" of defendant within the meaning and intent of Louisiana law and defendant was Petitioner's "employer" within the meaning and intent of Louisiana law, employing greater than five hundred (500) employees. At all times pertinent hereto, Brian Hudson, Jennifer Brooks, Matthew Polito, Anna Groves, and Stuart Bailey were supervisors of Petitioner with immediate and successively higher authority over Petitioner. Hudson and Bailey were employed by Dillard's, but by virtue of the lease agreement between Dillard's and Estee Lauder, were designated by Estee Lauder to supervise Petitioner in the performance of her duties for Estee Lauder. Groves, Brooks, and Polito were Estee Lauder direct employees.

1


Certified True and Correct Copy
CertID: 2018122000506

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/20/2018 12:08 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

4.

On November 13, 2016, Petitioner was hired by defendant Estee Lauder as a Luxury Business Manager at its retail counters located inside Dillard's, at the Mall of Louisiana.

5.

On April 9, 2017, Petitioner was the victim of a brutal battery and assault by her then-boyfriend. This attack was widely reported in the news media. As a result, Petitioner began suffering from severe acute stress disorder, anxiety, and depression, and was unable to perform major life activities of, caring for herself, concentrating, thinking, communicating, sleeping, and working. Petitioner was/is "disabled" within the meaning and intent of the law.

6.

Petitioner informed defendant Estee Lauder about the attack and her disability, but returned to work on April 17, 2017.

7.

Thereafter, Petitioner requested reasonable accommodation(s) from defendant Estee Lauder consisting of, but not limited to, adjustment of her work schedule. However, defendant Estee Lauder refused to afford Petitioner any reasonable accommodation(s).

8.

Immediately after Petitioner returned to work, she was subjected to unabated, unwelcome, and unwanted sexual discrimination and harassment. Hudson, Petitioner's supervisor, began repeatedly contacting Petitioner and attempted to have sexual relationship with her, including continuing to contact Petitioner about her whereabouts and activities.

9.

Petitioner declined Hudson's sexual advances, and reported, opposed, and/or complained to defendant Estee Lauder about the sexual discrimination/harassment in her working environment, to no avail. In fact, although defendant Estee Lauder had initially represented to Petitioner that Hudson/Dillard's were not supervisors over Petitioner, when Petitioner complained and reported Hudson's conduct to defendant Estee Lauder, defendant responded to Petitioner that she had to report to Hudson and do what he tells her to do.

10.

Also after Petitioner returned to work, she began suffering extensive and severe disability-based harassment, including but not limited to, the following instances:

2

Certified True and Correct Copy
CertID: 2018122000506


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/20/2018 12:08 PM

a. Constant and repeated questioning as to whether Petitioner was "able" to perform her work duties, including on April 17, 2017, when Hudson questioned whether she "could return to work normally" and on or around April 24, 2017, when Petitioner was accused of being "not the same person";

b. Mandates and unilateral adjustments of Petitioner's work schedule to undesirable days and hours in spite of her existing work schedule and accommodation requests;

c. Excluding Petitioner from being able to adequately and effectively perform her job;

d. Numerous unfounded accusations of poor performance, including false accusations of drinking on the job, in attempts to secure Petitioner's termination and threaten Petitioner's job;

e. That Petitioner should not be at work because she had visible injuries from the prior assault; and

f. All such other instances to be more fully shown at trial.

11.

Throughout her employment, Petitioner repeatedly protested, complained, and reported the unlawful discrimination and harassment in her working environment, and the denial of accommodations, to no avail.

12.

Following her opposition, including reports to Estee Lauder HR, defendant began retaliating against Petitioner on account of her complaints and opposition to the unlawful harassment/discrimination and/or the behavior which Petitioner reasonably believed violated Title VII.

13.

On June 26, 2017, Petitioner complained about the continuing disability and gender-based discrimination, harassment, and retaliation she was suffering to defendant, through Polito, that Petitioner's supervisors had surreptitiously obtained Petitioner's text messages, and was making repeated inquires of Petitioner's co-workers about the assault and Petitioner's mental state. In response, Polito threatened Petitioner that if she left employment, defendant would pay her three (3) weeks and she would not have to work the three (3) weeks, but if Petitioner wanted to keep her job, she needed to take medical leave.

Certified True and Correct Copy
CertID: 2018122000506



East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/20/2018 12:08 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

14.

On July 6, 2017, Petitioner was ordered to leave work by defendant, through Brooks, because she was a "liability" as Petitioner had sought medical leave. Petitioner informed Brooks that she was capable of working and requested to rescind her request for medical leave if it would affect her job status. Brooks refused and sent Petitioner home.

15.

On July 26, 2017, Petitioner was informed that her request for medical leave was denied and when Petitioner inquired about returning to work, with reasonable accommodation as to her work schedule, defendant refused until August 2, 2017, which defendant "cleared" Petitioner to return to work on August 7, 2017.

16.

However, on August 4, 2017, defendant fired Petitioner for the false reason of "performance issues". When advised by Petitioner that her most recent performance review, dated June 6, 2017, was satisfactory and without negative feedback, Brooks stated "her hands were tied."

17.

On August 16, 2017, Petitioner timely filed Charges of Discrimination with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights. Petitioner has not yet received a Notice of Right to Sue and respectfully reserves her right to supplement and amend her Petition in this regard.

18.

Defendant failed to have in full force and effect an effective policy regarding gender and disability-based discrimination, harassment, and retaliation in the workplace. In spite of Petitioner's repeated protests and reports of illegal discriminatory and retaliatory conduct, Petitioner shows that the unlawful discrimination/harassment and retaliation culminated in the taking of tangible employment actions, including forced leave and termination. Further, defendant failed and/or refused to take any reasonable steps to remedy the situation in Petitioner's workplace, to reasonably and timely accommodate Petitioner, or work with Petitioner to identify available and appropriate accommodations in the workplace.

19.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, mental anguish, psychological damages, humiliation and embarrassment,

4

severe and extreme emotional distress, mental anguish, past and present lost wages/benefits, past and present medical expenses, and all such other damages as will be more fully shown at trial and all for which Petitioner specifically sues for herein.

20.

The actions and/inactions of defendant constitute illegal discrimination/harassment and retaliation in violation of Louisiana's anti-discrimination laws, La. R.S. 23:301, *et seq.* All conditions precedent to the filing of this lawsuit under federal and Louisiana law have been met and complied with. Petitioner shows that she has filed a Charge of Discrimination which was served on the defendant. Petitioner also sent defendant notice pursuant to La. R.S. 23:303(C) on August 18, 2017.

21.

Petitioner is entitled to and desires an award of attorney's fees pursuant to Louisiana law, as well as an award of all litigation expenses and all cost of the proceedings.

22.

Petitioner is entitled to and desires an award of all such relief to which she is entitled to at law or in equity.

23.

Petitioner is entitled to and desires a trial by jury of this matter.

WHEREFORE, Petitioner, Aimee Holdridge, prays for trial by jury and after due proceedings are had that there be a judgment herein in her favor and against defendant Estee Lauder Inc., for all sums as are reasonable under the premises, attorney's fees, litigation expenses and cost, together with legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled to at law or in equity.

RESPECTFULLY SUBMITTED:

By: W. Brett Conrad

Jill L. Craft, T.A., La. Bar Roll No. 20922
W. Brett Conrad, Jr., La. Bar Roll No. 37639
Jill L. Craft, Attorney at Law, LLC
330 Government Street
Baton Rouge, LA 70802
(225) 663-2612

Certified True and Correct Copy
CertID: 2018122000506



East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/20/2018 12:08 PM

**PLEASE SERVE:**

Estee Lauder Companies Inc.
**BY LONG ARM SERVICE**
Fabrizio Freda
Chief Executive Officer
7 Corporate Center Drive
Melville, New York 11747

6



Certified True and Correct Copy
CertID: 2018122000506

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/20/2018 12:08 PM

EAST BATON ROUGE PARISH C-677484
Filed Dec 18, 2018 9:32 AM    22
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER:         DIVISION:

AIMEE HOLDRIDGE

VERSUS

ESTEE LAUDER INC.
*************************************************************

**VERIFICATION**

STATE OF LOUISIANA
PARISH OF ORLEANS

BEFORE ME, the undersigned Notary Public personally came and appeared:

**Aimee Holdridge**

a resident of the full age of majority of Orleans Parish, Louisiana, who upon being duly sworn did depose and state that she has read the above and foregoing Petition and all facts and allegations contained therein are true and correct to the best of her knowledge, information, and belief.

_____
Aimee Holdridge

SWORN TO AND SUBSCRIBED before me, Notary Public, this ___ day of November, 2018.

_____
Notary Public

Certified True and Correct Copy
CertID: 20181122000507
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date: 12/20/2018 12:08 PM