UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AIMEE HOLDRIDGE                                              CIVIL ACTION

VERSUS                                                             NO. 19-37-SDD-RLB

ESTEE LAUDER COMPANIES, INC.

**ORDER**

Before the Court is Defendant's Motion to Compel Rule 35 Examination of Plaintiff. (R. Doc. 24). The motion is opposed. (R. Doc. 28). Defendant filed a reply. (R. Doc. 35).

This is an employment discrimination action in which Aimee Holdridge ("Plaintiff") alleges that she suffers "from severe acute stress disorder, anxiety, and depression" as a result of an assault and battery by her former boyfriend, and was denied reasonable accommodations with respect to her alleged disability from her former employer Estee Lauder Companies, Inc. ("Defendant"). (R. Doc. 1-1 at 4). Plaintiff also alleges that she was subject to sexual discrimination and harassment while employed with Defendant. (R. Doc 1-1 at 4). Plaintiff alleges that she has suffered, among other things, "mental anguish, psychological damages, humiliation and embarrassment, [and] severe and extreme emotional distress." (R. Doc. 1-1 at 6-7). Defendant removed the action on January 18, 2019. (R. Doc. 1).

Defendant now seeks an order pursuant to Rule 37(a)(3)(C) of the Federal Rules of Civil Procedure compelling Plaintiff to submit to a Rule 35 psychological examination by Dr. Gina Manguno-Mire. Defendant also seeks recovery of reasonable expenses, including attorney's fees, incurred in making the instant motion pursuant to Rule 37(a)(5)(A).

Because there is currently no Rule 35 order in this action, there is no basis under Rule 37 for compelling compliance with a Rule 35 order or awarding expenses. *See Bruce v. Baywater*

*Drilling, L.L.C.*, No. 16-168-JWD-RLB, 2016 WL 3149719, at *2 (M.D. La. June 3, 2016). Accordingly, the motion is denied to the extent it seeks any relief under Rule 37, including an award of expenses. The Court will consider the motion, however, for the purposes of determining whether Defendant has established good cause for the issuance of a Rule 35 order. *See id*. at *3-4.

Most of the parties' briefing discusses their correspondence and agreements leading up to an independent medical examination ("IME") by Dr. John Thompson and whether and to what extent Defendant properly identified Dr. Manguno-Mire as a psychologist who would perform certain testing during the IME. On October 2, 2019, Defendant sent a letter requesting the IME by Dr. Thompson and providing that the examination "shall involve only oral questioning by Dr. Thompson and, at Dr. Thompson's option, the administration of the psychometric test known as the Minnesota Multiphasic Personality Inventory-2 (MMPI-2). (R. Doc. 28-3). The letter did not identify a second examiner. On October 11, 2019, defense counsel informed Plaintiff's counsel that the "psychological testing portion" of the IME would be done by a different doctor identified as Dr. Ramussen. (R. Doc. 24-9 at 3-4). Plaintiff's counsel immediately questioned the reasonableness of two separate IMEs on two separate days. (R. Doc. 24-9 at 3). On October 16, 2019, defense counsel informed Plaintiff's counsel that "Dr. Thompson is requiring another doctor [to] conduct a test for PTSD" and states, with no explanation, that this procedure is "not overreaching." (R. Doc. 24-9 at 3). On October 18, 2019, defense counsel provided a copy of Dr. Manguno-Mire's CV. (R. Doc. 28-7 at 2; *see* R. Doc. 24-8).

Plaintiff's counsel appropriately notes that by this time, defendant has requested an IME by three different providers. (R. Doc. 28 at 4). On October 22, 2018, Plaintiff's counsel only agreed to proceed with an IME by Dr. Thompson. (R. Doc. 28-7 at 1).

Plaintiff represents that on October 23, 2019, she traveled from Lafayette, Louisiana to New Orleans, Louisiana to participate in an examination by Dr. Thompson. (R. Doc. 28-8). Plaintiff represents that the examination lasted almost five hours; that Dr. Thompson questioned Plaintiff about her personal and social history, educational and work history, and medical history; that Plaintiff took a Minnesota Multiphasic Personality Inventiory-2 test, which consisted of approximately six hundred (600) questions; and that Plaintiff declined to undergo further examination by another psychologist. (R. Doc. 28-8).

In support of the instant motion, Defendant asserts that while Plaintiff "submitted to psychological testing" she "refused to allow anyone to take her medical history as part of the testing contending that her counsel instructed [her] not to speak to anyone other than Dr. Thompson at the IME." (R. Doc. 24-1 at 2). Defendant now seeks to have Plaintiff submit to an approximately 30 minute "clinical psychological interview including a personal and social history, educational and work history, medical history (including psychiatric history)" by Dr. Manguno-Mire at Tulane University, New Orleans, Louisiana. (R. Doc. 24-1 at 6). In opposition, Plaintiff asserts that she already has been subjected to an examination on the foregoing topics and that she has provided her "medical history" to Defendants in the form of medical records. (R. Doc. 28 at 6). In reply, Defendant asserts that "Dr. Thompson has indicated that, for Dr. Manguno-Mire to interpret the results of the MMPI-2, she needed to take a history as well." (R. Doc. 35 at 2).

Federal Rule of Civil Procedure 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good

cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). A plaintiff places his or her physical or mental condition "in controversy" by pleading he or she has sustained a physical injury through the negligence of the defendant. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

Defendant does not explain why the interpretation of the MMPI-2 requires a "history" to be conducted by a separate psychologist.[1] Dr. Manguno-Mire explains in a declaration, however, that the "MMPI-2 is a clinical assessment tool used by mental health professionals to assist in interpreting symptoms, response style, and as an aid in the diagnosis of mental health disorders" and that she completes "a developmental history/interview with evaluees/responses" for the purposes of reliability and validly interpreting the MMPI-2. (R. Doc. 24-10). While it remains unclear why Dr. Thompson is unqualified to conduct "a developmental

---

[1] In another action, this Court ordered a Rule 35 examination by Dr. Thompson to "include any questioning and tests that comprise the proposed clinical psychiatric interview and mental status examination by Dr. Thompson that are necessary to reach an opinion about the Plaintiff's mental condition before, during and after her employment with Defendant, the extent of the emotional trauma, if any, she has suffered, whether she continues to suffer any emotional trauma, potential causes of such emotional trauma unrelated to the incidents alleged against Defendant, and whether and to what extent any such emotional trauma may have affected her ability to mitigate her damages. Any non-invasive tests and historical questioning consistent with the scope of the exam as ordered may be conducted." *Terry v. Promise Hosp. of Ascension, Inc.*, No. 13-128, 2014 WL 1239397, at *4 (M.D. La. Mar. 25, 2014).

history/interview" for the purpose of interpreting the MMPI-2, which he apparently administered to Plaintiff, there appears to be no dispute that Dr. Manguno-Mire is qualified for these purposes.

Having considered the record and arguments of the parties, the Court finds good cause under Rule 35 to require this limited mental examination to proceed. The mental examination sought by Defendants to be conducted by Dr. Manguno-Mire does not appear to be duplicative or cumulative of the examination conducted by Dr. Thompson. Furthermore, Plaintiff does not challenge that Dr. Manguno-Mire is a "suitably licensed or certified examiner" as contemplated by Rule 35.

The record indicates, however, that defense counsel was less than clear in explaining to Plaintiff's counsel that Dr. Manguno-Mire would only conduct a separate "developmental history/interview" of Plaintiff should Dr. Thompson choose to administer the MMPI-2 during his examination. Defendant did not obtain a Rule 35 order with respect to the IME, and the Court finds no basis to subject Plaintiff to sanctions for not agreeing to submit to an examination by Dr. Manguno-Mire in the absence of a court order. Furthermore, Plaintiff has already incurred the expense of traveling to New Orleans for a mental evaluation with Dr. Thompson. Accordingly, the Court will require Defendant to reimburse Plaintiff all reasonable travel expenses incurred with respect to any additional mental examination by Dr. Manguno-Mire in accordance with this Order. *See Booth v. Mohave Transp. Ins. Co.*, No. 13-6746, 2014 WL 3881203, at *5 (E.D. La. Aug. 6, 2014) ("Rule 35(a) examinations, like all other forms of discovery, are subject to the general provision of Rule 26(c) that the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Rule 35 Examination of Plaintiff. (R. Doc. 24) is **GRANTED IN PART and DENIED IN PART**. Plaintiff shall submit to a developmental history/interview with Dr. Gina Manguno-Mire for the purpose of interpreting the MMPI-2 already administered by Dr. John Thompson. This mental examination shall be limited to a clinical psychological interview including a personal and social history, educational and work history, medical history (including psychiatric history) and shall not exceed 1 hour. The examination shall take place at Tulane University, School of Medicine, Department of Psychiatry & Behavioral Sciences, 1440 Canal Street, Suite 100, New Orleans, Louisiana, 70112-2715, or as otherwise agreed upon by the parties. **The examination shall take place prior to Plaintiff's deposition on a date and time agreed upon by the parties**.[2] Defendant shall reimburse Plaintiff all reasonable travel expenses incurred with respect to this examination.

Signed in Baton Rouge, Louisiana, on November 21, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has set the deadline to complete Plaintiff's deposition on **December 31, 2019** by separate order.