UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AIMEE HOLDRIDGE                               CIVIL ACTION

VERSUS                                         NO. 19-37-SDD-RLB

ESTEE LAUDER COMPANIES, INC.

**ORDER**

Before the Court is Defendant's Motion to Compel Discovery Responses and Plaintiff's Deposition. (R. Doc. 22). The motion is opposed. (R. Doc. 23). Defendant filed a reply. (R. Doc. 30). Plaintiff filed a surreply. (R. Doc. 41).

**I.    Background**

This is an employment discrimination action in which Aimee Holdridge ("Plaintiff") alleges that she suffers "from severe acute stress disorder, anxiety, and depression" as a result of an assault and battery by her former boyfriend, and was denied reasonable accommodations with respect to her alleged disability from her former employer Estee Lauder Companies, Inc. ("Defendant"). (R. Doc. 1-1 at 4). Plaintiff also alleges that she was subject to sexual discrimination and harassment while employed with Defendant. (R. Doc 1-1 at 4). Plaintiff alleges that she has suffered, among other things, "mental anguish, psychological damages, humiliation and embarrassment, [and] severe and extreme emotional distress." (R. Doc. 1-1 at 6-7). Plaintiff alleges she was hired on November 13, 2016, complained of discrimination on June 26, 2017, and was discharged on August 4, 2017. (R. Doc. 1-1 at 5-6).

Defendant removed the action on January 18, 2019. (R. Doc. 1).

On June 18, 2019, Defendant served interrogatories and requests for production on Plaintiff. (R. Docs. 22-2, 22-3). Plaintiff provided responses on July 22, 2019. (R. Docs. 22-4, 22-5).

Through the instant motion, Defendant is seeking the Court to order Plaintiff to provide supplemental responses to Interrogatory Nos. 10-14, and Request for Production No. 9, for Plaintiff to appear for her deposition, and for an award of reasonable attorney's fees.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to interrogatories and requests for production within 30 days after service. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Analysis

#### 1. Plaintiff's Deposition

Defendant does not submit any evidence that it noticed Plaintiff's deposition under Rule 30(b)(1) prior to seeking an order compelling her deposition. At any rate, the parties jointly sought an extension of the deadline to complete non-expert discovery for the purposes of conducing Plaintiff's deposition, as well as the depositions of several other individuals, by December 31, 2019. (R. Doc. 38). The Court granted the motion and ordered that the depositions be completed by December 31, 2019. (R. Doc. 39). Plaintiff does not dispute that she will appear for her deposition by that date. Accordingly, the instant motion is moot with respect to Plaintiff's deposition. Defendant shall timely notice Plaintiff's deposition under Rule 30(b)(1) prior to seeking any further relief with respect to her deposition.

2. **Written Discovery**

Defendant seeks an order requiring Plaintiff to provide supplemental responses to Interrogatory Nos. 10-14, and Request for Production No. 9. Defendant does not argue that Plaintiff's responses and objections were untimely.

i. **Interrogatory Nos. 10-14**

Defendant's Interrogatory Nos. 10-14 collectively request Plaintiff to identify, for the past five years, her social media sites, email addresses, cell phone numbers, and devices/computers on which relevant electronically stored information ("ESI") may be located:

> **INTERROGATORY NO. 10:**
> Identify all Internet social media sites such as Facebook, Twitter and LinkedIn that you have, or have had an account with during the last five years, including your user name, html address of main page, approximate frequency of postings, and approximate date range you have had the account.
>
> **INTERROGATORY NO. 11:**
> List all email addresses you have, or have had in the last five years, and identify the one(s) you consider to be your primary address.
>
> **INTERROGATORY NO. 12:**
> List your cell phone number(s) you have had for the past five years along with the name of your service provider.
>
> **INTERROGATORY NO. 13**:
> Identify all devices, media (such as CDs, thumb drives and hard drives) and websites that you use, or have used for the past five years, to backup or store information of any kind, and for each describe the location of the backup devices, media and cloud storage websites, and the general content of each.
>
> **INTERROGATORY NO. 14:**
> Describe all computer devices that you own or use, including their type, hard drive size, location, and approximately frequency of use. Computer devices should be construed broadly to include not only desktop and laptop computers, but also phones and other portable devices capable of storing user created information, including iPads, iPhones, tablets, and other portable electronically stored information (ESI) storage devices.

(R. Doc. 22-2 at 7-8). Among other things, Plaintiff objected to each interrogatory on the basis that it is irrelevant, overly broad, and improperly seeks private information in violation of Louisiana law. (R. Doc. 22-4 at 13-15).

In her opposition, Plaintiff mischaracterizes these interrogatories as seeking inappropriate information including passwords to her social media accounts. (*See* R. Doc. 23 at 8). On the contrary, these interrogatories merely seek the identification of sources of potentially relevant ESI in this action. In consideration of Request for Production No. 9 below, these interrogatories could be read to simply seek identification of where the ESI requested was searched. The identification of social media sites, email addresses, cell phone numbers, and devices/computers on which relevant ESI may be located may be stored does not violate Plaintiff's privacy rights. To be clear, these interrogatories do not seek the production of any actual ESI. The Court agrees with Plaintiff that the interrogatories are overly broad to the extent they seek information prior to Plaintiff's hire date of November 13, 2016. The Court also finds impermissibly vague the request for the "approximate frequency of postings" in Interrogatory No. 10 and the identification of the "general content" of the ESI in Interrogatory No. 13. Otherwise, the Court finds the information sought to fall within the scope of discovery.

Based on the foregoing, the Court limits the scope of Interrogatory Nos. 10-14 to the identification of social media sites, email addresses, cell phone numbers, and devices/computers used by Plaintiff on or after November 13, 2016. With that limitation in place, Plaintiff must respond to the interrogatories in full on or before December 20, 2019, or as otherwise agreed upon by the parties. Plaintiff may identify any confidential information in accordance with the Protective Order in this action governing the exchange of confidential information. (*See* R. Doc. 17). Furthermore, Defendant will have the opportunity to depose Plaintiff with respect to the

sources of potentially responsive ESI identified by Plaintiff in response to Defendant's Interrogatory Nos. 10-14.  To the extent Defendant identifies specific categories of ESI withheld by Plaintiff that are relevant to the claims and defenses in this action, Defendant may seek further remedy from the Court.

### ii.     Request for Production No. 9

Request for Production No. 9 seeks the production of all ESI in Plaintiff's possession, custody, or control pertaining to the subject matter of this action:

> **REQUEST FOR PRODUCTION NO. 9:**
> Please produce any and all Electronically Stored Information ("ESI") in your possession, custody, or control that constitutes communication between you and anyone else referencing, related to, or pertaining to, in any manner, the subject matter and allegations of this action and/or the relief prayed for in your Complaint. This request includes, without limitation, all electronic communications and social media postings, including, e-mails and attachments, instant messages, text messages, blogs, tweets, wikis, forum comments, social media communications of any kind (YouTube, Facebook, Myspace, Twitter and the like), voicemails, videos, word processing documents, calendars, spreadsheets, PowerPoints and other presentations, databases, and archived data (PST files, Zip files, backups, and the like). ESI that you have stored in an account with an Internet provider, website, or telecommunication provider, is legally within your control, and must be searched and produced even though it is not in your possession or located on your personal computers. These include relevant ESI communications stored in your Internet or email user accounts with AOL, Yahoo, Facebook, Myspace, MSN, Google, Twitter, and the like, including both public and private areas of social media accounts. You may also possess some or all of this information on your personal computers or mobile devices, including Internet cache files on your personal computers, which you should also search and produce where relevant. You should also produce paper print-out versions of this ESI in your possession. **Instructions for downloading your Facebook file are posted at http://www.facebook.com/help/?faq=18842.

(R. Doc. 22-3 at 7-8).  Among other things, Plaintiff objected to this request for production on the basis that it is irrelevant, overly broad, and improperly seeks private information in violation of Louisiana law. (R. Doc. 22-5 at 11).  Subject to these objections, Plaintiff stated she had "produced the electronic information in her possession in response to Request for Production No.

1," which sought all documents in Plaintiff's possession concerning the terms and conditions of her employment with Defendant. (R. Doc. 22-5 at 1-4, 11).

Plaintiff has submitted a declaration stating that on July 22, 2019, she produced "all electronically stored information regarding to the allegations in [her] lawsuit" including "text messages, emails, pictures, and Estee Lauder/Dillard's policies" and that she later supplemented her production with "photographs and videos which were taken while [she] was employed with Estee Lauder, the majority of which were part of [her] job and in a promotional setting." (R. Doc. 22-8).

In an effort to resolve the dispute between the parties with respect to Interrogatory Nos. 10-14 and Request for Production No. 9, Plaintiff offered to produce (1) "postings on social networking sites/websites she has made about her employment with Estee Lauder and/or her injuries within the last 5 years"; (2) "emails she has made about her employment with Estee Lauder and/or her injuries within the last 5 years"; and (3) "text message records between her and any individual(s) identified in the production of those text messages." (R. Doc. 23-3 at 2). Defendant later appeared to narrow its request with respect to social media postings to the month of August 2017, postings related to Estee Lauder and Dillard's, postings made while Plaintiff was working, postings regarding Plaintiff getting her makeup done while working, Plaintiff's trips from July 1, 2017 and August 31, 2017, and postings related to Plaintiff's drinking of alcohol. (R. Doc. 23-7 at 2). Defendant argues that such postings are relevant because they would "relate to her employment, leave, termination, and her disciplinary issues while she worked for defendant." (R. Doc. 23-7 at 2).

The Court agrees with Plaintiff that the request for production is overly broad as written. While the request provides a detailed list of potential <u>sources</u> of the information sought, it makes

no attempt to describe with "reasonable particularity" the subject matter of the underlying information sought. *See* Fed. R. Civ. P. 34(b)(1)(A). That said, limited discovery with respect to Plaintiff's social media postings bearing upon her work performance is warranted. Plaintiff specifically alleges that Defendant has lodged against her "[n]umerous accusations of poor performance, including false accusations of drinking on the job, in attempts to secure [Plaintiff's] termination and threaten [Plaintiff's] job." (R. Doc. 1-1 at 5). The record also indicates that prior to Plaintiff's termination, her supervisors discussed various performance issues, including socializing with Dillard's employees instead of working, disappearing from the sales floor for extended periods, having consistent days with no sales, not filling open positions, shopping and getting makeup done while at work, drinking during her lunch break, and having inappropriate sexual discussions while at work. (*See* R. Doc. 30-2).

To the extent she has not done so, Plaintiff shall produce all responsive ESI (including social media postings, emails, and text messages) relating to the alleged discrimination or the alleged performance issues discussed by her managers. In particular, Plaintiff must produce the following social media postings, if any, in her possession, custody, or control: (1) social media postings made while Plaintiff was working; (2) social media postings related to drinking alcohol or being intoxicated while at work, including lunch breaks; and (3) social media postings regarding Plaintiff shopping and/or getting her makeup done while at work.[1]

Defendant also appears to seek all of Plaintiff's social media postings during the month of August of 2017, as well as postings with respect to trips made in July and August of 2017, in light of Defendant's purported efforts "to contact Plaintiff on August 11, 15, and 25 regarding

---

[1] By allowing this discovery, the Court makes no finding with respect to whether such social media postings, or the underlying behavior, violate any of Defendant's employment policies or procedures or constitute non-discriminatory reasons for terminating Plaintiff's employment.

her return to work." (R. Doc. 30 at 4). In support of obtaining this discovery, Defendant submits a public Facebook posting indicating that Plaintiff travelled to Las Vegas, Nevada, on April 9, 2018. (R. Doc. 30-1). The relevance of this posting is unclear as the timeframe has nothing to do with the assertions in the briefing (the alleged trip to Law Vegas was 8 months after the employment was terminated). The Court will not require Plaintiff to produce social media postings in August of 2017, or related to trips in July and August of 2017, <u>unless</u> those postings fall in the categories described above. Defendant will have an opportunity to depose Plaintiff with respect to any attempts it made in August of 2017 to have Plaintiff return to work.

Plaintiff must provide a supplemental production to Request for Production No. 9, consistent with the foregoing limitations, on or before December 20, 2019, or as otherwise agreed upon by the parties. Plaintiff may identify any confidential information in accordance with the Protective Order in this action governing the exchange of confidential information. (*See* R. Doc. 17).

### III.  Conclusion

Given the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery Responses and Plaintiff's Deposition (R. Doc. 22) is **GRANTED IN PART and DENIED IN PART**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on December 9, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**